UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE ALSANDERS,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-858-RLM-MGG

MARTAIN, et al.,

    Defendants.

OPINION AND ORDER

Willie Alsanders, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 about his treatment at the St. Joseph County Jail. Early in the litigation, he sent the court a letter with more information he wanted to include in his complaint. The court explained that to add to his complaint, he needed to file an amended complaint that was complete in itself because "[t]he local rules . . . prohibit parties from amending the complaint in a piecemeal fashion." ECF 12. Mr. Alsanders filed an amended complaint in response, which is now the operative complaint of the case. ECF 13. But he has since submitted two additional letters with more information, ECF 14 and 15, which the court declines to consider when screening the merits of the amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Alsanders alleges that he has been having issues at the St. Joseph County Jail because he is an openly gay black man. He says that another inmate sexually propositioned him on September 27, 2020, making him uncomfortable and feel unsafe. He reported the incident to Sergeant Officer Martain, who pulled Mr. Alsanders out of the pod and placed him in a booking cell with no mattress or blanket for more than four hours. Mr. Alsanders was then moved to a different pod and lost his job as a result of the move, but the other inmate, who is white and presumably heterosexual, remained in the same pod and still has his job. Mr. Alsanders contends that Officer Martain is rude and disrespectful and doesn't like gay people or black people. He complains that this is one more incident in a pattern of him being moved around if a group of inmates doesn't like gay people, and he contends that staff always believe the other inmates over him.

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). The Equal Protection Clause also protects against "discrimination on the basis of sexual orientation." Harris v. Farris, 809 F.3d 330, 334 (7th Cir. 2015); *see also* Bostock v. Clayton County, 140 S. Ct. 1731, 1741 (2020) (concluding that Title VII's prohibition on employment discrimination based on sex includes sexual orientation because "it is impossible to discriminate against a person for being homosexual or transgender

2

without discriminating against that individual based on sex"). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . . ." Lisle v. Welborn, 933 F.3d at 719–720 (citing Ortiz v. Werner Enterprises, Inc., 834 F.3d 760 (7th Cir. 2016)). He must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effects on the identifiable group." David K. v. Lane, 839 F.2d 1265, 1271–1272 (7th Cir. 1988) (quoting Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir. 1988)).

Mr. Alsanders has plausibly alleged an equal protection violation. He says he was treated more harshly than a white, heterosexual inmate, even though the other inmate's actions were objectively worse. The grievance attached to the complaint says that he why he was moved instead of the other inmate because an investigation determined that Mr. Alsanders was the cause of problems in the pod. This could provide a nondiscriminatory reason for Officer Martain's actions. But at this stage of the litigation, the court accept is required to assume that Mr. Alsanders can prove his allegations.

Mr. Alsanders also alleges a First Amendment retaliation claim. He says that after he filed this lawsuit, "staff has been treating me rudely and mean," and he's been called names such as "ass fag" and "a black gay ass mutherfucker." ECF 13 at 3. To state a First Amendment retaliation claim, Mr. Alsanders must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a

3

deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). Regarding the deprivation, the court looks at "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020). Mr. Alsanders doesn't identify who made these remarks, except for one officer who is not a defendant here, and liability under § 1983 requires personal involvement in the alleged constitutional violation. *See* Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017). But even if he had a proper defendant, the verbal harassment alleged isn't adverse enough to deter a person of ordinary firmness from engaging in future First Amendment activity.

Mr. Alsanders doesn't state an Eighth Amendment violation based on his allegations that he asked to see a psychiatrist but never saw one.[1] First, Mr. Alsanders doesn't identify who is responsible for the alleged delay. *See* Colbert v. Chicago, 851 F.3d at 657 (personal involvement necessary for § 1983 liability). Beyond that, the complaint doesn't plausibly allege he had a serious medical need. An Eighth Amendment claim requires both an objective and subjective component: (1) an objectively serious medical need; and (2) an identified defendant who acted

---

[1] According to the complaint, Mr. Alsanders had been convicted and sentenced when this occurred. Therefore, the deliberate indifference standard of the Eighth Amendment applies, rather than the Fourteenth Amendment's reasonableness standard, which applies to pretrial detainees. *See* Kingsley v. Hendrickson, 576 U.S. 389, 396-398 (2015); Hardeman v. Curran, 933 F.3d 816, 821-22 (7th Cir. 2019).

4

deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Mr. Alsanders alleges that he had been on a list to see a psychiatrist for a month and a half when he filedthe amended complaint. That that he was on a list to see a psychiatrist suggests that jail staff was not deliberately indifferent. But regardless, the complaint is silent about why Mr. Alsanders asked to see a psychiatrist.

Mr. Alsanders also complains about the lack of an investigation into his concerns at the jail. Failing to investigate a prisoner's allegations of past misconduct doesn't itself violate a prisoner's constitutional rights. *See* Antonelli v. Sheahan, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (noting prisoners have no substantive constitutional right to a grievance process). "Only persons who cause or participate in the [constitutional] violations are responsible" for those violations; failure to investigate a prisoner's grievance "does not cause or contribute to the violation." George v. Smith, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted). This does not state a claim upon which relief can be granted.

Finally, defendants Sergeant Peppers and "Head of Classification" must be dismissed. Mr. Alsanders doesn't mention Sergeant Peppers in the body of the complaint, and providing no explanation as to how Sergeant Peppers was involved in any alleged constitutional violation. For a defendant to be held liable under section 1983, he or she must have been personally involved in the violation of the plaintiff's

5

constitutional rights. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018). As for the defendant identified only as Head of Classification, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore, these defendants must be dismissed.

For these reasons, the court:

(1) GRANTS Willie Alsanders leave to proceed against Officer Martain in his individual capacity for compensatory and punitive damages for treating him harsher than a white, heterosexual inmate because he is black and gay on September 27, 2020, in violation of the Equal Protection Clause of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Peppers and Head of Classification Dept.;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Martain at the St. Joseph County Jail, with a copy of this order and the complaint (ECF 13), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the St. Joseph County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Martain to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b),

only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 16, 2021

>s/ Robert L. Miller, Jr.
>JUDGE
>UNITED STATES DISTRICT COURT