UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIE ALSANDERS, <br><br> Plaintiff, <br><br> v. <br><br> MARTAIN, <br><br> Defendant. | CAUSE NO. 3:20-CV-858-RLM-MGG |

OPINION AND ORDER

Willie Alsanders, a prisoner without a lawyer, submitted a letter to the clerk, asking that a default judgment be entered against defendant Martain, a correctional officer at the St. Joseph County Jail. ECF 26. Mr. Alsanders was granted leave to proceed "against Officer Martain in his individual capacity for compensatory and punitive damages for treating him harsher than a white, heterosexual inmate because he is black and gay on September 27, 2020, in violation of the Equal Protection Clause of the Fourteenth Amendment[.]" ECF 19 at 1.

Because Mr. Alsanders is proceeding in forma pauperis, the court was responsible for serving the defendant. *See* 28 U.S.C. § 1915(d). Thus, the clerk sent out a request for waiver of service of process. ECF 20. When there was no response by the deadline, the United States Marshal's Service attempted service by certified mail at Officer Martain's presumed place of employment, the St. Joseph County Jail. *See* ECF 22. The return of service indicates that the summons was "Delivered, Front Desk/Reception/Mail Room" but the person who accepted it was not named. ECF 22 at

2; *see Homer v. Jones-Bey*, 415 F.3d 748, 754-55 (7th Cir. 2005) (noting that Indiana law allows service by certified mail to a defendant's workplace, but the return receipt must identify who accepted the mail). When the defendant did not appear by the deadline, the court turned to personal service. FED. R. CIV. P. 4(e) (allowing service by "delivering a copy of the summons and of the complaint to the individual personally"). Summons was reissued, and Russell Olmstead, Warden of the St. Joseph County Jail, declared under penalty of perjury that he personally served the summons on "Daniel Martin." ECF 23. Still, Martain did not appear by the September 23, 2021, deadline.

Mr. Alsanders asks the clerk for an entry of default judgment. ECF 26. However, default judgment is premature. Under the Federal Rules, if "a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." FED. R. CIV. P. 55(a). After a party is found to be in default, the plaintiff may seek a default judgment. This is not a case where the claim is for a "sum certain," and so the plaintiff must prove the amount of damages stemming from the well-pleaded allegations of the complaint. *See* FED. R. CIV. P. 55(b); *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks. That required the [plaintiffs], because they were not suing for a sum certain (such as the face amount of a promissory note), to introduce evidence on the damages caused them by [defendant's] fraud, as well as on any grounds they might have for also obtaining an award of punitive damages."). The court then determines the appropriate amount of damages to

assess against the defaulted defendant, holding a hearing if necessary, and enters a default judgment. *See* FED. R. CIV. P. 55(b)(2).

In sum, although Mr. Alsanders has established that defendant Officer Martain is in default, a default judgment is premature. Therefore, the court GRANTS the request (ECF 26) to the extent that the clerk is DIRECTED to enter a default against defendant Martain.

SO ORDERED on December 6, 2021

          s/Michael G. Gotsch, Sr.
          Michael G. Gotsch, Sr.
          United States Magistrate Judge